IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JESSICA AUDRENE SHATTO,**　　　　　　　　3:16-cv-01473-BR

　　　　　　**Plaintiff,**　　　　　　　　　　**OPINION AND ORDER**

**v.**

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner, Social
Security Administration,**

　　　　　　**Defendant.**

**SARA L. GABIN**
Sara L. Gabin, P.C.
14523 Westlake Drive
Lake Oswego, OR 97035
(503) 620-3171

　　　　Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

　　[1] On January 23, 2017, Nancy A. Berryhill was appointed the Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Defendant in this action.

1　- OPINION AND ORDER

**DAVID MORANDO**
Regional Chief Counsel
**MARTHA A. BODEN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3710

    Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Jessica Audrene Shatto seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Childhood Supplemental Security Income (Childhood SSI) and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    On August 20, 2012, an application for Childhood SSI was protectively filed on behalf of Plaintiff who was under 18 years of age at that time. Tr. 102.[2] Plaintiff alleges a disability onset date of January 1, 2000, when she was four years old.

---

    [2] Citations to the official transcript of record filed by the Commissioner on February 3, 2017, are referred to as "Tr."

2 - OPINION AND ORDER

Tr. 102. The Commissioner denied the application initially on December 17, 2012, and on reconsideration on March 13, 2013. Tr. 130, 137. Plaintiff reached 18 years of age while her claim was pending review by an Administrative Law Judge (ALJ). An initial hearing was held June 9, 2014, at which Plaintiff appeared *pro se* with her mother. The hearing was rescheduled to provide Plaintiff with the opportunity to obtain counsel. Tr. 57-67. The ALJ held a second hearing on November 21, 2014. Tr. 68-100. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at this hearing.

On March 13, 2015, the ALJ issued an opinion in which he found Plaintiff was not disabled from the date of her application and, therefore, is not entitled to benefits. Tr. 33-51. On March 27, 2015, Plaintiff requested review by the Appeals Council. Tr. 21. On June 8, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sim v. Apfel*, 530 U.S. 103, 106-107 (2000).

On July 20, 2016, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born February 20, 1995. Tr. 37, 102. At the time of the hearings before the ALJ, Plaintiff lived with her

parents. Tr. 72. Plaintiff reached 18 years of age on February 20, 2013. Tr. 51. Plaintiff graduated from high school with a modified diploma. Tr. 49, 72. Although Plaintiff worked part-time at a McDonald's, she does not have an earnings history sufficient to qualify her as engaging in substantial gainful activity. Tr. 49.

Plaintiff alleges disability due to an audio-learning disorder, a slight hearing loss, and dyslexia. Tr. 102.

## **STANDARDS**

Under federal law a claimant under 18 years of age is disabled if she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(C)(I). The initial burden of proof rests on the claimant to establish her disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*,

4 - OPINION AND ORDER

682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.*(citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and
resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th
Cir. 2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I.   Determining Childhood Disability

An individual under 18 years of age is eligible for

Childhood SSI payments based on disability if she suffers from "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(I).

The ALJ engages in a three-step sequential inquiry to determine whether a claimant under 18 years of age is disabled within the meaning of the Act.  20 C.F.R. § 416.924.

At Step One the Commissioner determines whether the claimant is engaged in substantial gainful activity.  If so, the claimant is not disabled.  If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's application for benefits under Step Two.  20 C.F.R. § 416.924(b).

At Step Two the Commissioner determines whether the claimant has one or more severe impairments.  An impairment is severe if it is more than a "slight abnormality or a combination of slight abnormalities" and causes more than "minimal functional limitations."  20 C.F.R. § 416.924(c).  If the claimant does not have a severe impairment, the claimant is not disabled.  If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three.  20 C.F.R. § 416.924(c).

At Step Three the Commissioner determines whether the claimant's impairments "meet, medically equal, or functionally equal" any of the impairments listed in the SSA regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924(d)(1). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000). If this equivalency test is met and the statutory duration requirement is satisfied, the claimant is found disabled before she reaches 18 years of age. If the claimant's impairments do not meet, medically equal, or functionally equal an impairment listed in the regulations, the claimant is not disabled. 20 C.F.R. § 416.924(d).

To determine whether a child's impairments functionally equal the listings, the child's functional limitations are evaluated in the following six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(I)-(vi). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or in an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(e)(2). A marked limitation exists when an impairment "seriously" interferes with the ability to initiate, sustain, or complete

activities independently. 20 C.F.R. § 416.926a(e)(2). An extreme limitation exists when a child's impairment interferes "very seriously" with her functioning. 20 C.F.R. § 416.926a(e)(3).

## II. Adult Regulatory Sequential Evaluation

After the claimant reaches 18 years of age, the ALJ applies the usual five-step sequential analysis.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must

assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724. If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations

at 20 C.F.R. part 404, subpart P, appendix 2. If the
Commissioner meets this burden, the claimant is not disabled. 20
C.F.R. §§ 416.920(g)(1).

## ALJ's FINDINGS

### I. Childhood Disability

Here the ALJ followed the three-step sequential evaluation for childhood disability required by 20 C.F.R. § 416.924. At Step One the ALJ found Plaintiff had not engaged in any substantial gainful activity before she reached 18 years of age. Tr. 37.

At Step Two the ALJ found Plaintiff's impairments of audio learning processing disorder, slight hearing loss in her right ear, dyslexia, and borderline intellectual functioning were severe within the meaning of 20 C.F.R. § 416.924(c). Tr. 38. The ALJ concluded, however, the objective medical evidence does not establish Plaintiff had any other severe impairments. Tr. 38.

At Step Three the ALJ found Plaintiff's impairments did not meet or medically equal the severity criteria of the mental impairments listed in § 112.02 or any other listing under mental disorders. See 20 C.F.R. § 404, subpt. P, app'x 1, pt. A or B. Tr. 38-39. The ALJ also found Plaintiff did not have an impairment or combination of impairments resulting in either

10 - OPINION AND ORDER

marked limitations in two domains of functioning or extreme limitation in one domain of functioning. Tr. 39-45. Accordingly, the ALJ concluded Plaintiff was not disabled before reaching 18 years of age. Tr. 45.

**II. Adult Disability**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since August 20, 2012, the date Plaintiff's application was filed. Tr. 37.

At Step Two the ALJ found the record reflects Plaintiff continues to have the severe impairments of audio learning processing disorder, slight hearing loss in her right ear, dyslexia, and borderline intellectual functioning, but Plaintiff has not developed any new impairment or combination of impairments after reaching 18 years of age. Tr. 46.

At Step Three the ALJ concluded, however, Plaintiff's medically determinable impairments do not meet or medically equal any of the listed impairments in 20 C.F.R. part 416.920(d). The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels subject to certain nonexertional limitations; *i.e.*, she can perform simple, routine, and repetitive tasks; make simple work-related decisions; interact occasionally with the public; work in an environment with a moderate noise level; and perform goal-oriented work. The ALJ found Plaintiff is unable to perform work at a production-rate

pace. Tr. 47.

At Step Four the ALJ concluded Plaintiff has not performed any past relevant work. Tr. 49.

At Step Five the ALJ concluded the transferability of job skills is not an issue because Plaintiff has not performed past relevant work. Tr. 50. The ALJ found, based on Plaintiff's age, education, work experience, and RFC, that Plaintiff could perform other work that exists in significant numbers in the national economy. Tr. 50. The ALJ cited two examples of light unskilled work that were identified by the VE: bagger and table worker. Tr. 50. Thus, the ALJ concluded Plaintiff has not been disabled since attaining 18 years of age and, therefore, is not entitled to benefits. Tr. 51.

## DISCUSSION

Plaintiff contends the ALJ erred (1) in his analysis of Plaintiff's impairments before she reached 18 years of age and (2) in his analysis of Plaintiff's RFC after she reached 18 years of age.

**I. The ALJ did not err in his determination that Plaintiff was not disabled before she reached 18 years of age.**

Plaintiff contends the ALJ erred when he failed to "refer accurately to the full tone and content" of the evidence, failed to find Plaintiff was extremely impaired in the domain of

12 - OPINION AND ORDER

"acquiring and using information," and failed to find Plaintiff markedly impaired in the domain of "attending and completing tasks" before Plaintiff reached 18 years of age.

As noted, a medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or in an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(e)(2).

The record reflects Plaintiff was placed in an individualized education program (IEP) during her schooling. Tr. 254-84.  Dani Johnson, Plaintiff's school case-manager, noted on a teacher questionnaire that Plaintiff was "hard-working," but she needed extra time to complete tasks.  Tr. 262.  As to the domain of acquiring and using information, Johnson indicated Plaintiff has "very serious" problems understanding school and content vocabulary, reading and comprehending written material, and comprehending and doing math problems; serious problems understanding and participating in class discussions, providing organized oral explanations and adequate descriptions, and applying problem-solving skills in class discussions; and obvious problems in comprehending oral instructions, expressing ideas in written form, learning new material, and recalling and applying previously learned material.  Johnson stated Plaintiff required extra help, repeated directions, and extended or simplified

13 - OPINION AND ORDER

directions or examples.  Tr. 278.  As to the domain of attending and completing tasks, Johnson indicated Plaintiff has obvious problems in carrying out multi-step instructions and slight problems completing class/homework assignments, completing work accurately without careless mistakes, and working at a reasonable pace or finishing on time.  Johnson, however, indicated Plaintiff did not have any problem paying attention when spoken to directly, sustaining attention during play/sports activities, focusing long enough to finish an assigned activity or task, refocusing on a task when necessary, carrying out single-step activities, waiting to take turns, changing from one activity to another without being disruptive, organizing her own things or school materials, or working without distracting herself or others.  Tr. 279.

On November 26, 2012, Plaintiff was examined by Patrick Ethel-King, Ph.D., a clinical psychologist.  Tr. 432-34.  Dr. Ethel-King found Plaintiff's overall intellectual abilities in the "borderline classification range."  Tr. 434.  He noted Plaintiff has some articulation difficulties, but her "thought form," although simple, was responsive to questions and relevant to the topic.  Tr. 432.  Dr. Ethel-King concluded Plaintiff's nonverbal intellectual abilities appeared to be more developed than her verbal intellectual abilities and that Plaintiff demonstrated strength in the areas of nonverbal reasoning and

planning. Tr. 434.

In a report dated December 17, 2012, Martin B. Lahr, M.D., and Megan D. Nicoloff, Psy.D., state-consulting doctors, indicated Plaintiff had marked limitation in the domain of acquiring and using information and less than marked limitation in the domain of attending and completing tasks. Tr. 105-08. On March 12, 2013, Sharon B. Eder, M.D., and Kordel N. Kennemer, Psy.D., also state-consulting doctors, made similar findings in their evaluation of Plaintiff's records. Tr. 118-20.

At the hearing Plaintiff testified she lives at home with her parents and brother, has a driver's permit, graduated from high school, and works part-time at McDonald's. Tr. 72. Plaintiff also testified she helps with chores at home with reminders from her mother, but she has trouble remembering the steps to do the laundry. Tr. 77. Plaintiff enjoys baking, going to the mall with friends, and playing the guitar. Tr. 73, 78, 88. Plaintiff testified she asks co-workers for help with her job and gets frustrated when she is told to work harder or faster. Tr. 75, 81–82.

Based on this record, the ALJ found Plaintiff had only marked or serious limitations in the domain of acquiring and using information and less than marked limitation in the domain

of attending and completing tasks.[3]  Tr. 41-42.

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).

On this record the Court concludes the ALJ did not err when he found Plaintiff was not disabled before she reached 18 years of age because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**II. The ALJ did not err in his evaluation of Plaintiff's RFC after she reached 18 years of age.**

As noted, the ALJ concluded Plaintiff continued to have the same severe impairments or combination of impairments after she reached 18 years of age and has not developed any new impairments.  Tr. 45.  The ALJ also concluded Plaintiff's impairments did not meet or medically equal any listed impairments after she reached 18 years of age.  Tr. 46.  Thus, the ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels with some nonexertional limitations.  The ALJ specifically found Plaintiff can perform

---

[3] Plaintiff concedes these are the only two domains at issue in this case.

light unskilled work with limited, simple, routine, repetitive tasks; can have occasional interaction with the public; and can perform work that does not require production-rate performance. Based on the ALJ's evaluation of Plaintiff's RFC, the VE testified Plaintiff is able to perform the occupations of bagger and table worker and that approximately half of those existing jobs do not require production quotas. Tr. 91-92.

Plaintiff, however, contends the ALJ's evaluation of Plaintiff's RFC does not take into account Plaintiff's slow mental-processing speed and working memory. Plaintiff, therefore, contends the ALJ erred when he ignored the "tone and content" of the evidence in both his evaluation of Plaintiff's RFC and in his hypothetical posed to the VE.

As noted, Dr. Ethel-King concluded Plaintiff has borderline intellectual functioning, but he found Plaintiff, nevertheless, was able to express herself, did not appear to have any difficulties with comprehension, and engaged in all activities during his evaluation. Tr. 432, 434. Dr. Kennemer also found Plaintiff can carry out simple and repetitive work-like tasks consistently and is capable of sustaining a normal work day/work week. Tr. 124.

On this record the Court concludes the ALJ did not err when he found Plaintiff is not disabled based on his evaluation of Plaintiff's RFC and his conclusion that Plaintiff is able to

17 - OPINION AND ORDER

perform light, unskilled work that exists in the economy because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 17th day of October, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge